IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| PAUL FAZZINI        Petitioner | CASE NO. 4:05 CV 0765 |
| -vs- | |
| | MEMORANDUM OF OPINION AND ORDER DISMISSING PETITIONER'S WRIT PURSUANT TO 28 U.S.C. §§ 2243 & 2244. |
| WARDEN OF NEOCC, et al.        Defendants | |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 21 March 2005, pro se petitioner Paul Fazzini filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition was dismissed without prejudice on 9 May 2005 for failing to demonstrate exhaustion of administrative remedies. (Docs. 5, 6). The Petitioner appealed the dismissal to the Sixth Circuit Court of Appeals on 30 June 2005. (Doc. 9).

The Sixth Circuit issued a mandate granting his appeal on 5 March 2007 reversing this Court's dismissal for failure to exhaust. (Doc. 16; Information Copy Doc. 12). Three months before the mandate was issued, however, Mr. Fazzini filed a motion for leave to supplement his original petition. (Doc. 13). The motion was granted and petitioner timely filed a supplemental petition on 12 February 2007. (Doc. 15).

Finally, Mr. Fazzini filed a Motion to Show Cause Why the Writ should not be granted, or, Alternatively for Reassignment of the case on 6 April 2007. (Doc. 17). The Original Petition, Supplemental Petition and Motion are now before this Court for review. (Docs. 1, 15, 17).

## I. BACKGROUND

Mr. Fazzini was found guilty of three counts of armed bank robbery (18 U.S.C. § 2113(a) & (d)) and three counts of using a firearm during the commission of a crime of violence (18 U.S.C. § 924(c)) by a jury on 22 April 1987. He was sentenced to two 25-year concurrent terms on the bank robberies, a suspended sentence and a five year term of probation on the third bank robbery, and an aggregate term of 25 years on the firearm counts, to run consecutively to the bank robbery sentence. The Seventh Circuit Court of Appeals affirmed the district court's judgment on 23 March 1989. See United States v. Fazzini, 871 F.2d 635 (7th Cir. 1989).

In 1990, Mr. Fazzini filed a motion for reduction of sentence under Federal Criminal Rule 35, which the district court granted in part and denied in part. See United States v. Fazzini, No. 86 CR 1, 1990 WL 71267 (N.D.Ill. Apr. 27, 1990). In partially granting Mr. Fazzini's motion, the district court suspended the 25-year bank robbery sentences on counts 1 and 3 and replaced them with concurrent 5-year probation terms running consecutively to the firearm sentences. Thus, his sentence was reduced from 50 years in prison followed by 5 years probation to 25 years in prison followed by 5 years probation. The court modified Mr. Fazzini's sentence because it was higher than sentences the court had imposed on similarly situated defendants. The court declined to modify the firearm sentences or the restitution order. Mr. Fazzini appealed the district

court's decision to the Seventh Circuit, which determined that his claims were without merit and affirmed the district court's decision. United States v. Fazzini, No. 90-2214, 1991 WL 70057 (7th Cir. May 3, 1991).

Mr. Fazzini filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois on 28 April 1997. United States v. Fazzini, No. 1:97cv3141 (N.D. Ill. 1997). The motion was denied on 15 January 1998. The record on appeal he subsequently filed with the Seventh Circuit was returned to petitioner by the appeals court on 29 June 1999.

After serving 15 years of his sentence, Mr. Fazzini was released from custody on 22 March 2001. Four days after his release, he signed a "document, co-signed by a US Probation Officer, signifying that he was beginning his 5 year term of Probation effective March 22, 2001." (Pet. at 1.). Two and half years later, Mr. Fazzini was arrested for a "misdemeanor traffic violation" in Eaton, Ohio. The United States Parole Commission was notified of the violation and lodged a detainer warrant against petitioner.

In November 2003, Mr. Fazzini filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. He alleged that the Parole Commission had no jurisdiction over him because he was on "probation," not "parole." Fazzini v. Hayes, et al., No. 3:03cv0389 (S.D. Ohio, filed Nov. 7, 2003). In that matter, the district court stayed the case on 10 September 2004, pending a Seventh Circuit ruling in United States v. Fazzini, No. 03-1167 (7th Cir. 2003),

which challenged "new DNA sampling as illegal retroactive condition of probation."[1] (Pet. at 2.).

A parole revocation hearing was held at the Preble County Jail on 19 March 2004. The hearing examiners recommended the revocation of Mr. Fazzini's parole for a period of 52 months, effective 1 October 2003, "when he became a federal prisoner." (Pet. at 2.). Mr. Fazzini states that he "appealed" the Parole Commission's actions, but the Commission "defaulted by failing to respond at all to that appeal."[2] (Pet. at 2.).

Since the date petitioner filed this present action, however, the Seventh Circuit Court of Appeals has held that Mr. Fazzini was a convict "on parole," and under the exclusive control of the United States Parole Commission, rather than on probation. United States v. Fazzini, 414 F.3d 695 (7th Cir. 2005).

In his original petition before this Court, Mr. Fazzini raised eight grounds for relief, six of which attack the Parole Commission's decision based on improprieties which allegedly took place during the revocation hearing and resulted in his parole violation sentence of 52 months. He maintains that, were it not for "errors and injuries that took place long after Fazzini v. Sheriff Hayes had been filed[, he]. . . . should have been released from custody by now, regardless of whether he is on probation or parole." (Pet. at 2) (emphasis in original). He seeks an order from this court setting

---

[1] A review of the docket in Case No. 3:03cv0389 indicates that the court dismissed the petition, without prejudice, on 22 September 2005 "for lack of exhaustion of administrative remedies." Fazzini, No. 3:03cv0389 [Dkt. #55] (S.D. Ohio, Sep. 22, 2005).

[2] In his appeal Mr. Fazzini claimed that being required to submit a blood sample to the government pursuant to federal DNA Analysis Backlog Elimination Act violated his Christian Scientist beliefs, his rights under the Fourth and Fifth Amendments, and contravened Ex Post Facto Clause.

4

aside the Commission's decision of "March 19/30, 2004" including the ban on the use of alcohol, entry of a default judgment against respondents for their alleged failure to answer the administrative appeal, restoration of 3,571 days of good time credit, restoration of 30 months street time, 10 days per month statutory good time credit from October 1, 2003 until the present, and "the immediate and complete discharge of the Petitioner from confinement." (Pet. at 24.).

In the Supplemental Petition filed in this Court, Mr. Fazzini admittedly seeks to revisit the same issues he raised in the motion to vacate he filed in 1997 pursuant to section 2255. He maintains that the matter is properly before this Court pursuant to § 2241 because his section 2255 remedies are inadequate to test the legality of his detention.

Before notifying this Court of his transfer to F.C.I. Oxford, Mr. Fazzini filed a petition for writ of habeas corpus in the United States District Court for the Western District of Wisconsin on 14 April 2006. See Fazzini v. Warden, F.C.I. Oxford, No. 06-C-0439-S (W.D. Wis. filed Aug. 14, 2006). In that writ, he claimed he was being unlawfully detained because his original conviction was unconstitutional and his subsequent parole term should never have been revoked. The District Court of Wisconsin dismissed Mr. Fazzini's petition with prejudice on 22 December 2006. On 9 January 2007, petitioner issued a Notice of Address Change advising this court that he had been transferred to F.C.I. Oxford.

Several of the issues regarding the constitutionality of petitioner's original sentence and the Parole Commissioner's revocation decision were raised in the District Court of Wisconsin as well as in the present petition before this Court. Therefore,

5

before this court can proceed it must first determine whether its lack of personal jurisdiction over petitioner's custodian precludes petitioner from seeking the relief he has requested; and, if not, whether petitioner is foreclosed from raising the same issues in the instant petition that were dismissed on the merits by the District Court for the Western District of Wisconsin.

## II. 28 U.S.C. § 2241

In reversing this Court's decision to dismiss Mr. Fazzini's petition without prejudice for failure to exhaust, the Sixth Circuit held that "the Board was given the opportunity to consider Fazzini's appeal; that it did not respond should not be held against Fazzini and preclude review of his habeas petition." Fazzini v. NEOCC, Nos. 05-3868/4618 (6th Cir. 2006). Therefore, consonant with the Sixth Circuit's Opinion and notwithstanding the Board's failure to provide a final decision before Mr. Fazzini filed his petition in this Court, the Petitioner has properly exhausted his challenges to the execution of his sentence. Id. Since filing his petition in 2005, however, Mr. Fazzini's prison transfer in 2006 raises a question of this court's jurisdiction pursuant to 28 U.S.C. § 2241.

### A. Personal Jurisdiction

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be

6

unlawful custody").  Only the United States District Court in the district in which a prisoner is incarcerated can direct the writ.  See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.");  see also Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C.Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison ... is the prisoner's 'custodian' ");  Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C. Cir. 1988) (en banc) ("proper defendant in federal habeas cases is the warden" of the facility where prisoner is incarcerated)

When Mr. Fazzini filed the instant petition in 2005, he was incarcerated at a prison in which this court had personal jurisdiction over his custodian.  At that time the Petitioner named as his immediate custodians and respondents, the Warden at NEOCC and the Parole Commission. He therefore complied with the "immediate custodian" rule. Mr. Fazzini was transferred to a federal penitentiary in Wisconsin some time in 2006. Prevailing case law provides that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  Stokes v. U.S. Parole Comm'n, 374 F.3d at 1238 (quoting Padilla, 542 U.S. at 441); see also Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th  Cir.1979).

The Commission has legal authority to effectuate Mr. Fazzini's release, so it is properly named as a respondent in this case.  Further, since his physical transfer to Wisconsin, Mr. Fazzini substituted the Warden of the federal penitentiary in Wisconsin

7

as the respondent in all of the pleadings he has since filed in this court.[3]  In the final analysis, because Mr. Fazzini's immediate custodian was within this Court's personal jurisdiction when he filed his petition for habeas, and the Commission is within the jurisdiction of this Court and has authority to effectuate his release on reparole, this Court still has jurisdiction to consider his habeas petition.

### B. Successive Federal Habeas

Mr. Fazzini summarizes his petition by stating that the cumulative effect of infringing on his "Right to uncensored reading . . . (USCA 1 . . . ), a Right to Privacy/to be secure in his papers (USCA 4 . . . ), his liberty interest in the Right to the Process Due (USCA 5 . . . ), the Right to cross examine adverse witnesses, (USCA 6 . . . ) the Guarantee against excessive punishment (USCA 8 . . . ) and the Right to Equal Protection of Laws and Privileges, these Rights of the Petitioner were intentionally trampled on," has been prejudicial to him.  (Pet. at 21).  Many of these same claims, however, were addressed on the merits by the district court in the § 2241 petition he filed in Wisconsin federal court.

Although res judicata does not apply to habeas petitions, Schlup v. Delo, 513 U.S. 298, 317-19 (1995) ( "[t]his Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (5th Cir. 1981), claims brought pursuant to successive § 2241

---

[3]In Crawford v. Jackson, 323 F.3d 123 (D.C. Cir. 2003), a case involving circumstances similar to those here, the court held that it had jurisdiction over a habeas petition properly filed by a petitioner in custody at the Lorton Correctional Complex prior to its closure. The United States entered an appearance in Crawford and advised the court that it waived any objection to lack of personal jurisdiction, and consented to "substitute the Warden at FCI Petersburg, Stephen M. Dewalt, as the custodian of appellant/petitioner Curtis E. Crawford." Id. at 126.

petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a).  Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990). Under § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. §2244(a).

In both petitions – here and in Wisconsin – Mr. Fazzini attempts to set aside the Commission's decision to revoke his parole based on assertions that he was denied due process.  The District Court of Wisconsin specifically addressed this matter, citing the criteria for due process set forth in  Morrissey v. Brewer, 408 U.S. 471 (1972), and held that "[t]he record indicates that petitioner received these due process requirements." Fazzini, No.  06-C-439-S, Mem. & Order of 12/27/06 at 7.  The Wisconsin federal court further addressed his claims regarding "parole versus probation," good credit time, special condition for future parole, and the calculation of his release date.

Accordingly, it would be redundant for this Court to reexamine those same issues on the merits.  Instead, the Court will dismiss those claims in his present petition as successive under 28 U.S.C. § 2244(a).  See Glumb, 891 F.2d 872; see also Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allowed for modified principles of res judicata to the analysis of habeas petitions).

Any further attack on the procedure Mr. Fazzini was afforded during his parole revocation hearing suggests that he was not provided adequate due process.

9

Inasmuch as that issue is no longer open to question, this court need not examine ancillary arguments Mr. Fazzini raises which are not based on any change in existing law.  Accordingly, the Petitioner's due process claims, requests for good time and street credit and challenges to his future parole conditions are denied pursuant to 28 U.S.C. § 2243.[4]

### C. Savings Clause

In his recent Supplemental Petition Mr. Fazzini seeks to set aside his conviction under the savings clause provided by 28 U.S.C. §2255.  A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123.  With regard to Mr. Fazzini's attack on his underlying conviction, he has failed to establish that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention.

A prisoner's remedy under section 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because

---

[4]Moreover, as the Seventh Circuit cautioned in its decision regarding Mr. Fazzini's attack on his future post release conditions, this is a question which must first be addressed by the Parole Commission. Fazzini, 414 F.3d at 700. When the Seventh Circuit reviewed his appeal it specifically held that the district court lacked jurisdiction to address future probation condition questions and remanded the matter back to the court to dismiss for want of jurisdiction. Id. ("[w]e conclude that at this point, this issue lies squarely within the baliwick of the Parole Commission, and that the district court did not have jurisdiction to consider Fazzini's complaint").

10

the prisoner has been denied permission to file a second or successive motion to vacate. Peterman, 249 F.3d at 461.

Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Fazzini had the opportunity to raise these claims in his prior § 2255 motion to vacate. The fact that he believes the court improperly dismissed his §2255 motion, that he was denied an evidentiary hearing and that jurisdictional questions may be raised at any time are not grounds upon which he can now assert that his §2255 remedy is inadequate.

Finally, while Mr. Fazzini correctly adds, in his Supplemental Petition, that "actual innocence meets the criteria necessary to have otherwise barred Constitutional Claims heard on their merits," (Supp. Pet. at 2), he fails to state a claim of actual innocence. As that term is defined, a petitioner must assert 'factual innocence,' rather than mere legal insufficiency as Mr. Fazzini has done. Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003)(quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)); see also Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004) (unpublished) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").

11

## II.  CONCLUSION

For the foregoing reasons, this petition is dismissed pursuant to 28 U.S.C. §§2243 and 2244.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE