IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
:
: CASE NO. 4:05 CV 0765
PAUL FAZZINI           Petitioner    :
:
-vs-            :
: MEMORANDUM OF OPINION AND
: ORDER DENYING A CERTIFICATE OF
: APPEALABILITY PURSUANT TO
WARDEN OF NEOCC, et al.      : 28 U.S.C. § 2253.
            Defendants   :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pursuant to a Memorandum Opinion and Order (Doc. 18) this Court dismissed Paul Fazzini's ("Mr. Fazzini") 28 U.S.C. §2241 petition for habeas relief. The background of Mr. Fazzini's petition is recounted in this Court's Memorandum and Order. Id. The Sixth Circuit Court of Appeals remanded the petition to this Court, pursuant to Fed. R. App. P. 22(b), for a determination on a Certificate of Appealability ("COA"). (Doc. 23). Pursuant to 28 U.S.C. § 2253, this Court denies Mr. Fazzini a COA on his petition for habeas relief.

A Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a COA. Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L. Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines Mr. Fazzini's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." This Court finds that reasonable jurists could not find that the Court's dismissal of Mr. Fazzini's habeas claim was debatable or wrong.

In his original petition before this Court, and as recounted in the Court's prior Memorandum and Order (Doc. 18), Mr. Fazzini raised eight grounds for relief, six of which attack the Parole Commission's decision based on improprieties which allegedly took place during the revocation hearing and resulted in his parole violation sentence of 52 months. He maintains that, were it not for "errors and injuries that took place long after Fazzini v. Sheriff Hayes had been filed[, he]. . . . should have been released from custody by now, regardless of whether he is on probation or parole." (Pet. at 2) (emphasis in original). He sought an order from this court setting aside the Commission's decision of "March 19/30, 2004" including the ban on the use of alcohol,

2

entry of a default judgment against respondents for their alleged failure to answer the administrative appeal, restoration of 3,571 days of good time credit, restoration of 30 months street time, 10 days per month statutory good time credit from October 1, 2003 until the present, and "the immediate and complete discharge of the Petitioner from confinement." (Pet. at 24.).

The Court determined it had jurisdiction to consider Mr. Fazzini's petition even though his petition, pressing the same claims, was dismissed with prejudice while the Petitioner was incarcerated in Wisconsin. See Fazzini v. Warden, F.C.I. Oxford, No. 06-C-0439-S (W.D. Wis. filed Aug. 14, 2006). Pursuant to 28 U.S.C. § 2244(a), this Court concluded the District Court of Wisconsin had specifically addressed Mr. Fazzini's claims and had determined that he was not denied due process in the Commission's decision to revoke his parole, and received proper legal consideration with regard to each of his other claims.

Further, the Court allowed Mr. Fazzini to file a Supplemental Petition. (Doc. 15). In his Supplemental Petition, Mr. Fazzini sought to revisit the same issues he raised in the motion to vacate he filed in 1997 pursuant to section 2255. See United States v. Fazzini, No. 1:97 CV 3141 (N.D. Ill. 1997). The Court addressed Mr. Fazzini's argument that the matter was properly before this Court pursuant to § 2241 because his § 2255 remedies were inadequate to test the legality of his detention. The Court found Mr. Fazzini failed to establish that his § 2255 remedy was inadequate, or that he did not have an opportunity to raise his innocence claims in his prior § 2255 motion to vacate. The Court further found that Mr. Fazzini failed to state a claim of actual innocence.

Upon review of Mr. Fazzini's petition, pursuant to Slack, this Court concludes that the Petitioner has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. The Court has engaged in a reasoned assessment of each of Mr. Fazzini's claims and finds the Petitioner has failed to make a substantial showing of the denial of a constitutional right. See 29 U.S.C. 2253(c)(2). Accordingly, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Fazzini's 28 U.S.C. § 2241 writ for habeas relief.

     IT IS SO ORDERED.

       /s/Lesley Wells
     UNITED STATES DISTRICT JUDGE